**CIPRIANI & WERNER, P.C.**
By:   James J. Green, Esquire         (Attorney ID#: 018512007)
      Matthew K. Mitchell, Esquire    (Attorney ID#: 014281993)
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
(856) 761-3800 (phone)
(856) 437-7465 (fax)

**Attorneys for Defendant, NATIONAL TOUR INTEGRATED RESOURCES, INC.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRENDA SCHULTZ,**<br><br>                      **Plaintiff,**<br><br>     v.<br><br>**LOWE'S COMPANIES, INC.; NATIONAL TOUR INTEGRATED RESOURCES, INC.; SUNGEVITY, INC.; JOHN AND JANE DOES 1-10; AND ABC CORPS 1-10,**<br><br>                      **Defendant.** | Civil Action No.:<br>1:17-CV-87-JHR-KMW<br><br><br><br>**ANSWER TO SECOND AMENDED COMPLAINT WITH CROSSCLAIMS AND SEPARATE DEFENSES** |

**NATIONAL TOUR INTEGRATED RESOURCES, INC.** (hereinafter "Answering Defendant") hereby Answers Plaintiff's Second Amended Complaint as follows:

**PARTIES**

1. Denied, as Plaintiff is put to her proofs.

2. Denied, as to Answering Defendant, as this paragraph does not pertain to Answering Defendant.

3. Admitted only to the extent that Answering Defendant is in the business of mobile marketing equipment. The remainder of the averments are Denied, as Plaintiff is put to her proofs.

4. Denied, as to Answering Defendant, as this paragraph does not pertain to Answering Defendant.

5. Denied, as to Answering Defendant, as this paragraph does not pertain to Answering Defendant.

## JURISDICTION AND VENUE

6. Denied.

7. Denied.

8. Denied.

## FIRST COUNT

9. Denied, as Plaintiff is put to her proofs.

10. Denied, as Plaintiff is put to her proofs.

11. Denied, as Plaintiff is put to her proofs.

12. Denied, as Plaintiff is put to her proofs.

13. Denied, as Plaintiff is put to her proofs.

14. Denied, as Plaintiff is put to her proofs.

15. Denied, as Plaintiff is put to her proofs.

16. Denied, as Plaintiff is put to her proofs.

17. Denied, as Plaintiff is put to her proofs.

**WHEREFORE,** Answering Defendant respectfully demands that this Honorable Court enter judgment in its favor and against Plaintiff together with attorney's fees and costs of suit.

## SECOND COUNT

18. Answering Defendant repeats each previous paragraph of the Answer as if fully set forth at length herein.

19. Denied, as to Answering Defendant, as this paragraph does not pertain to Answering Defendant.

20. Denied, as to Answering Defendant, as this paragraph does not pertain to Answering Defendant.

**WHEREFORE,** Answering Defendant respectfully demands that this Honorable Court enter judgment in its favor and against Plaintiff together with attorney's fees and costs of suit.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

No duty was owed to Plaintiff under common law, statute, regulation or standards.

### SECOND SEPARATE DEFENSE

Answering Defendant is guilty of no act of omission or commission as alleged by the Plaintiff.

### THIRD SEPARATE DEFENSE

If the Plaintiff suffered damages, the same were caused by Plaintiff's sole negligence.

### FOURTH SEPARATE DEFENSE

Answering Defendant contends that the negligence, contributory negligence and/or comparative negligence of the Plaintiff bars or limits the actions and/or claims of the Plaintiff against Answering Defendant.

### FIFTH SEPARATE DEFENSE

The conduct of Answering Defendant was not negligent.

### SIXTH SEPARATE DEFENSE

At the time and place set forth in Plaintiff's Second Amended Complaint, Plaintiff and potentially others were negligent, and Answering Defendant seeks an adjudication of the percentage of fault between Plaintiff and each and every other person or entity whose fault contributed to this accident.

### SEVENTH SEPARATE DEFENSE

The incident was caused by the acts of third parties over whom Answering Defendant had no control or the right to exercise such control.

## EIGHTH SEPARATE DEFENSE

The conduct of Answering Defendant was not the proximate cause of Plaintiff's alleged injuries and damages.

## NINTH SEPARATE DEFENSE

The alleged accident and damages of Plaintiff was due to circumstances and causes beyond the control or fault of Answering Defendant.

## TENTH SEPARATE DEFENSE

Some or all of Plaintiff's alleged damages were or may have been pre-existing in nature.

## ELEVENTH SEPARATE DEFENSE

This Court, based upon information and belief, lacks or may lack jurisdiction over the subject matter of this action.

## TWELFTH SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable statute of limitations and/or statute of repose.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed due to insufficiency of process.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed due to insufficiency of service of process.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed due to lack of jurisdiction over the person of Answering Defendant.

## SIXTEENTH SEPARATE DEFENSE

The venue of this action is or may be improper, and Answering Defendant reserves the right to move for transfer of venue if necessary.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate damages.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are or may be barred by the doctrines of collateral estoppel and/or res judicata.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which punitive damages can be awarded.

## CROSSCLAIM FOR CONTRIBUTION

Answering Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.** makes a crossclaim for contribution against all co-defendants, both known and to be later joined in this lawsuit, including but not limited to: **LOWE'S COMPANIES, INC.; SUNGEVITY, INC.; JOHN AND JANE DOES 1-10; AND ABC CORPS 1-10.**

## CROSSCLAIM FOR INDEMNIFICATION

**NATIONAL TOUR INTEGRATED RESOURCES, INC.** (hereinafter "Defendant"), by way of Crossclaim against all co-defendants, both known and to be later joined in this lawsuit, including but not limited to: **LOWE'S COMPANIES, INC.; SUNGEVITY, INC.; JOHN AND JANE DOES 1-10; AND ABC CORPS 1-10** (hereinafter and collectively "Co-Defendant(s)"), hereby asserts:

## FIRST COUNT

1.	While denying any liability to Plaintiff for the incident and/or injuries alleged, should this Defendant be adjudged liable, this Defendant asserts that this liability is secondary, vicarious and imputed to that of the Co-Defendants and that the negligence, if any, was that of the Co-Defendants named herein, this giving rise to a duty on the part of the Co-Defendants to indemnify and hold harmless this Defendant from any loss herein.

**WHEREFORE**, Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.** demands judgment from the Co-Defendants named herein for any sums adjudicated against it, damages, attorney's fees, interest and costs of suit together with such other relief as the Court may deem just and proper under the circumstances.

## SECOND COUNT

1.	Defendant repeats and reiterates the allegations of the First Count as if same were set forth at length herein.

2.	Defendant, while denying any negligence, asserts that the negligence, if any, was that of the said Co-Defendants and that the liability of Defendant, if any, was of a derivative or secondary nature and the liability of the Co-Defendant was of a primary character, thus giving rise to a duty on the part of the Co-Defendant, to hold Defendant harmless and indemnify Defendant from any loss herein.

**WHEREFORE**, Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.** demands judgment from the Co-Defendants named herein for any sums adjudicated against it, damages, attorney's fees, interest and costs of suit together with such other relief as the Court may deem just and proper under the circumstances.

## THIRD COUNT

1.	Defendant repeats the allegations set forth in the First and Second Counts of the Crossclaim as if same were set forth at length herein.

2. At all times set forth in the Second Amended Complaint, there existed between the parties hereto, a certain lease/contract binding upon the Co-Defendants, wherein said Co-Defendants agreed to hold harmless and indemnify this Defendant.

3. Pursuant to said covenants in said lease/contract, the Co-Defendants are contractually bound to hold harmless, defend and indemnify this Defendant for any and all claims such as that of the Plaintiff that may be made against them.

4. The Co-Defendants have failed and refused to perform according to the terms of said contract.

5. In the event of any judgment being recovered in this case by Plaintiff as against this Defendant and pursuant to the terms of said lease/contract as aforesaid, this Defendant will be entitled to full indemnification for any such sums as the Plaintiff may recover.

**WHEREFORE**, Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.** demands judgment from the Co-Defendants named herein for any sums adjudicated against it, damages, attorney's fees, interest and costs of suit together with such other relief as the Court may deem just and proper under the circumstances.

## FOURTH COUNT

1. Defendant repeats the allegations set forth in the First, Second, and Third Counts of the Crossclaim as if same were set forth at length herein.

2. At all times set forth in the Second Amended Complaint, there existed between the parties hereto, a certain lease/contract binding upon the Co-Defendant, wherein said Co-Defendants agreed to name the Defendant as an additional insured under a policy of insurance.

3. Pursuant to said covenants in said lease/contract, the Co-Defendants are contractually bound to name this Defendant as an additional insured under a policy of insurance for any and all claims such as that of the Plaintiff that may be made against them.

4. The Co-Defendants have failed and refused to perform according to the terms of said contract.

5. In the event of any judgment being recovered in this case by Plaintiff as against this Defendant and pursuant to the terms of said lease/contract as aforesaid, this Defendant will be entitled to judgment for any such sums as the Plaintiff may recover due to the Co-Defendants' failure and refusal to perform according to the terms of said contract.

**WHEREFORE**, Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.** demands judgment from the Co-Defendants named herein for any sums adjudicated against it, damages, attorney's fees, interest and costs of suit together with such other relief as the Court may deem just and proper under the circumstances.

### FIFTH COUNT

1. Defendant repeats the allegations set forth in the First, Second, Third, and Fourth Counts of the Crossc1aim as if same were set forth at length herein.

2. At all times set forth in the Second Amended Complaint, there existed between the parties hereto, a certain lease/contract binding upon the Co-Defendant, wherein said Co-Defendants agreed and was obligated to perform pursuant to that lease/contract.

3. Pursuant to said covenants in said lease/contract, the Co-Defendants were contractually bound to perform pursuant to that lease/contract.

4. The Co-Defendants have failed and refused to perform according to the terms of said contract.

5. In the event of any judgment being recovered in this case by Plaintiff as against this Defendant and pursuant to the terms of said lease/contract as aforesaid, this Defendant will be entitled to judgment for any such sums as the Plaintiff may recover due to the Co-Defendants' failure and refusal to perform according to the terms of said contract.

**WHEREFORE**, Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.** demands judgment from the Co-Defendants named herein for any sums adjudicated against it, damages, attorney's fees, interest and costs of suit together with such other relief as the Court may deem just and proper under the circumstances.

## ANSWER TO CROSSCLAIMS

Answering Defendant hereby denies the allegations of any and all Crossclaims filed or to be filed against Answering Defendant in the captioned matter, and Crossclaimants are left to their proofs.

## DESIGNATION OF TRIAL COUNSEL

James J. Green, Esquire is designated as trial counsel in this matter on behalf of Defendant, **NATIONAL TOUR INTEGRATED RESOURCES, INC.**.

                          **CIPRIANI & WERNER, P.C.**

                    By:___/s/_____
                        James J. Green, Esquire
                        **CIPRIANI & WERNER, P.C.**
                        155 Gaither Drive, Suite B
                        Mt. Laurel, NJ 08054
                        (856) 761-3800 (phone)
                        (856) 437-7465 (fax)
                        jgreen@c-wlaw.com

Dated: February 3, 2017