```
PAUL J. SODERMAN, LLC.
ATTORNEY AT LAW
157 EAGLE ROCK AVENUE
ROSELAND, N.J. 07068
(973) 228-4210
ID# 019191980
ATTORNEY FOR Defendant, Sungevity, Inc.
```

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| BRENDA SCHULTZ,<br>         Plaintiff, | Civil Action 1:17-cv-87-JHR-KMW |
| v. | **ANSWER TO SECOND AMENDED COMPLAINT** |
| LOWE'S COMPANIES, INC. NATIONAL TOUR INTEGRATED RESOURCES, INC., SUNGEVITY, INC., ET AL.<br>         Defendants |  |

**PARTIES**

1-3. This defendant has no knowledge or belief with which to answer these paragraphs and leaves plaintiff to her proofs.

4. Admitted, generally, as to description of business and domicile; denied as to remainder.

5. This defendant has no knowledge or belief with which to answer this paragraph and leaves plaintiff to her proofs.

**JURISDICTION AND VENUE**

6. This defendant has no knowledge or belief with which to answer this paragraph and leaves plaintiff to her proofs.

7-8. These paragraphs are denied.

1

**FIRST COUNT**

9-10. This defendant has no knowledge or belief with which to answer this paragraph and leaves plaintiff to her proofs.

11-17. These paragraphs are denied.

**SECOND COUNT**

18. This defendant repeats its responses to the prior paragraphs, as if more fully set forth herein.

19-20. This defendant has no knowledge or belief with which to answer these paragraphs and leaves plaintiff to her proofs; to the extent that these paragraphs apply to this defendant, they are denied.

**SEPARATE DEFENSES**

1. Plaintiff is barred from any recovery because of her own contributory negligence.

2. Any injuries or damages sustained by the plaintiff should be limited by the applicable provisions of the Comparative Negligence Act.

3. Any injuries or damages sustained by the plaintiff were the result of the negligence or breach of warranty of third persons over whom this defendant had no control.

4. Any injuries or damages sustained by the plaintiff was the result of the negligence or breach of warranty of the co-defendants over whom this defendant had no control.

5. Any injuries or damages sustained by the plaintiff was the result of the plaintiff's own deliberate acts.

6. The plaintiff's claim is barred by the applicable statute of limitations, in that this action was not timely filed against it.

### CROSSCLAIM FOR CONTRIBUTION

Defendant crossclaims for contribution pursuant to the New Jersey Joint Tortfeasors Contribution Act and the New Jersey Comparative Negligence Statute.

### CROSSCLAIM FOR INDEMNIFICATION

While denying that it was negligent, defendant alleges that any negligence for which it might be assessed or responsible was secondary to the primary liability of the codefendants, entitling this party to judgment for complete indemnification.

### SECOND COUNT OF CROSSCLAIM FOR INDEMNIFICATION

1. Defendant, Sungevity, Inc. entered into an Agreement with codefendant National Tour Integrated Resources, Inc.

2. One of the terms of the Agreement required the codefendant not only to provide indemnification and hold defendant Sungevity, Inc. harmless from certain claims arising out of the agreement, but also required codefendant to provide liability insurance to protect Sungevity.

3. The claims asserted in the Complaint by the plaintiff are that the plaintiff was injured as a result of activity arising out of the agreement which called into play the

assumption of contractual liability and the indemnification and hold harmless agreement.

4. Demand has been made by this party, that codefendant indemnify and hold this defendant harmless from claims asserted by the plaintiff but codefendant has failed to do so.

WHEREFORE, this party demands complete indemnification from codefendant National Tour Integrated Resources, Inc. from any claims asserted by the plaintiff, in addition to insurance coverage, counsel fees and costs of suit.

### NOTICE TO ALLOCATE

Pursuant to the case of <u>Young v. Latta</u> 123 N.J. 584 (1991), you are advised and placed on notice that if any co-defendant should settle his or her suit with the plaintiff prior to or during trial, this defendant will seek an allocation of the percentage of the negligence of all parties, including the settling defendant, by the finder of fact, regardless of whether there is a formally filed cross-claim in the matter against such settling defendant. This defendant will rely for the liability regarding any such defendant on the examination and cross-examination of plaintiff's expert witnesses, co-defendant's expert witnesses, all parties and their fact witnesses at the time of trial in support of such claim for allocation.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that defendant hereby designates Paul J. Soderman as designated trial counsel for all purposes in this matter.

**JURY DEMAND**

Defendant hereby demands a trial by jury on all issues contained herein.

PAUL J. SODERMAN, LLC.<br>
ATTORNEY FOR Defendant, Sungevity, Inc.<br><br>
By: *s/Paul J. Soderman*<br>
PAUL J. SODERMAN<br>
For the Firm

Dated:  February 14, 2017