# Paul J. Soderman
**A LIMITED LIABILITY CORPORATION**
**ATTORNEY AT LAW**
**157 Eagle Rock Avenue – Suite 202**
**Roseland, New Jersey**
**07068**

_____

**Admitted New Jersey State and Federal Bars**                    **TEL: (973) 228-4210**
          psoderman@verizon.net                                    **FAX: (888) 788-5214**

June 11, 2018

Hon. Joseph H. Rodriguez, U.S.D.J.
Mitchell H. Cohen U.S. Courthouse
Room 2040
1 John F. Gerry Plaza,
4th and Cooper Streets
Camden, N.J. 08101


Re:   Brenda Schultz v. Sungevity, Inc.
      Docket No.: 1:17-cv-87-JHR-KMW

Dear Judge Williams:

   I am in receipt of a motion by codefendant Lowe's seeking summary judgment as to its crossclaim for indemnification in this matter. There have been conflicting notices as to the return date of same as the motion itself states that it is to be returnable on July 16, 2018, while an email from the Clerk indicated that it is on the calendar for June 18, 2018, yet another notice schedules the date for opposition briefs to be submitted by July 2. Kindly accept this as opposition to the motion on behalf of defendant Sungevity, Inc. My adversaries are receiving a copy of this letter brief under separate cover. Please advise as to whether oral argument will be heard on the motion, in light of the opposition.

**THE BANKRUPTCY DISCHARGE**

   Lowe's seeks summary judgment on its crossclaim for contractual

indemnity, however, while it briefly makes reference to the Sungevity bankruptcy proceeding (at 13), it nevertheless fails to acknowledge that Sungevity has been granted a discharge in bankruptcy. Lowe's never sought, or obtained, relief from the bankruptcy court as to its claim for indemnity. The present action had been initially stayed while the bankruptcy matter was proceeding. That matter has now been concluded without any claim by Lowe's being excepted from the bankruptcy discharge (see Exhibit A, attached).

Based on the bankruptcy discharge, Lowe's must now be precluded from the present indemnity claim. Certainly its demand for indemnification from Sungevity clearly arises out of a claim which has been discharged by the bankruptcy adjudication. Permitting same to proceed would not only have the practical effect of ignoring the bankruptcy discharge, but also would serve to diminish the insurance protection available to Sungevity concerning the plaintiff's damages claim. See, for example, Gonzalez v. Safe & Sound Security, 185 N.J. 100 (2005); Moslimani v. Union Valley Corp., 271 N.J. Super. 147 (Law Div. 1993) (the basis for permitting a plaintiff's claim to proceed against the party discharged in bankruptcy is to restrict recovery to the insurance policy limits).

### INDEMNIFICATION AS TO LOWE'S OWN NEGLIGENCE

Even had there been no bankruptcy discharge to Sungevity, the

position asserted by Lowe's as to contractual indemnification concerning the Schultz claim is simply incorrect as a matter of law. The only allegations made against Lowe's by plaintiff Schultz concern Lowe's own negligence, not mere vicarious liability of that defendant for another party's acts or omissions. Plaintiff has alleged that Lowe's is responsible for her injuries based on its negligence in maintaining its property.

The present motion is based on the contention that Lowe's is entitled to be indemnified for Schultz' claim based on broad, general language in the agreement it prepared, suggesting that "any claims" arising out of the Sungevity contract be the subject of indemnity, "regardless" of whether they may have been due to the fault or negligence of Lowe's itself. While many years ago such broad-form indemnification may have been enforced by New Jersey Courts, this is no longer the law of this State with respect to allegations that one's "own negligence" be indemnified by another.

The Court is doubtless well aware that Lowe's is a major commercial enterprise, wielding enormous power over its suppliers and vendors. Certainly, had there been any intention by it to have such parties indemnify Lowe's for its own negligence in fulfilling its legal duties as to its operation and customers, it was incumbent on it to set forth the appropriate language in the contracts it required its

3

vendors to execute, so as to make such an obligation explicit.

The contention that Lowe's is entitled to be indemnified as to its own fault or negligence in failing to maintain the entrance to its store is wrong as a matter of law. Nothing in the contract in question even suggests that Sungevity agreed to indemnify the store for Lowe's own negligence. This is, of course, a basic requirement of a party seeking such indemnification. Where the obligation to indemnify as to one's own negligence is not specifically stated in the contract expressing the parties' agreement, it does not exist.

Under New Jersey law, absent express language that a party has agreed to indemnify another against claims involving that party's own negligence, there is no indemnification owed.  The allegations of plaintiff Schultz involve the Lowe's own negligence, not merely that Lowe's might be vicariously liable for acts or omissions or Sungevity. It is well settled in this State that in order for a party to be indemnified as to its own negligence, such an intention must be plainly and clearly set forth in the agreement itself. See, for example: Azurak v. Corporate Property Investors, 175 N.J. 110 (2003), aff'g. o.b. 347 N.J. Super. 516 (App. Div.  2002); Mantilla v. N.C. Mall Associates, 167 N.J. 262 (2001); Ramos v. Browning Ferris Industries of S. Jersey, 103 N.J. 177 (1986); Englert v. The Home Depot, 389 N.J. Super. 44, 56-58 (App. Div. 2006).

A review of the Lowe's contract does not reveal language that the store was entitled to indemnity for its own negligence. Indeed, "negligence" or "fault" is not even mentioned in the Lowe's document, let alone that party's "own negligence" or "own fault". Lowe's is entitled only to what it bargained for in the agreement it prepared. The practical effect of what Lowe's is seeking by its present motion is that any claim against it, having any possible relationship to the Sungevity agreement, must then be "picked up" by Sungevity, instead of by Lowe's: even when the only claims against it concern its own negligence. Such a position would go well beyond the plain terms of the agreement, <u>which it prepared</u>, to result in Lowe's being indemnified for allegations concerning its own negligence, without expressly stating that in the document, as required by law.

Lowe's seems to suggest that since general language as to "any" claim arising out of the agreement was to fall within the indemnification obligation (brief at 8), therefore allegations concerning its "own negligence" or "own fault" should also be presumed to be included in the contract. Such a position completely ignores <u>Azurak</u> and the other cases, despite the acknowledgment (on page 6 of the brief) that the Courts require that "the agreement must specifically reference the negligence or fault of the indemnitee." <u>Azurak</u>, at 112-113.

5

Lastly, reference to pre-Azurak caselaw such as the Leitao opinion, in which the undersigned represented the prevailing party, is unavailing to Lowe's. Had there been no bankruptcy discharge in the present case, or had Lowe's sought relief from the bankruptcy court to pursue a claim for indemnification, even before the Azurak case Lowe's indeed may have been able to compel indemnification had its agreement contained the appropriate reference to the undertaking to indemnify the indemnitee in respect of the indemnitee's own negligence, as has always been permitted. No one is suggesting that Lowe's could never enter an agreement to be indemnified as to its own fault or negligence. The important factor is that Lowe's failed to make specific reference to such fault or negligence in its vendor agreement, as is required by the case law. "The absence of the requisite clear and explicit language addressing indemnification for the [indemnitee's] negligence precludes recovery for its portion of the judgment for defense costs." Azurak, supra, 347 N.J. Super. 516, 523 (App. Div. 2002).

**INSURANCE COVERAGE**

This is not a declaratory judgment action and Sungevity's insurance carrier is not a party to the litigation, although the brief by Lowe's appears to suggest that it is.

It would be a strange state of affairs indeed if a party could have another's insurance coverage extend to it with respect to a claim that the party had failed to procure insurance required by an agreement. That would appear to be insurance protecting against the failure to obtain insurance. Frankly, had insurance coverage been procured for Lowe's as an "additional insured", its terms would support Sungevity's position that at no time was there any contemplation that Lowe's be protected by Sungevity as to Lowe's own negligent acts or omissions, as alleged by plaintiff Schultz.

Case law also demonstrates that an "additional insured" would not be entitled to coverage for acts of its own negligent acts or omissions. It is simply not the law that <u>any</u> claim made against an "additional insured" arising out of its failure to perform its own lease obligations is required to be "picked up" under another's policy, instead of by its own coverage. <u>Pennsville Shopping Center Corp. v. American Motorists Ins. Co.</u>, 315 N.J. Super. 519 (N.J. Super. 1998).

It matters not that Lowe's may now suggest that it is entitled to protection from its own negligence because the contracting party was to procure insurance coverage as to its own obligations under the agreement. An additional insured is not entitled to coverage under the policy of the original "named insured" where the basis for the

7

impleader of the additional insured in a personal injury action is the independent negligence of the additional insured, as opposed to the negligent actions of the named insured. See Rosario v. Hayward, 351 N.J. Super. 521 (App. Div. 2002)(only in those circumstances where the underlying contract between the parties requires indemnification for the independent negligence of the "additional insured" would such coverage exist). There is no such agreement as to Lowe's independent negligence being assumed in the contract between it and Sungevity. See also: Sears Roebuck & Co. v. National Union Fire Ins. Co. of Pittsburg, Pa., 340 N.J. Super. 223, 235-237 (App. Div. 2001), certif. den. 169 N.J. 608 (2001)(where claims were "limited to allegations of negligence" of the additional insured, there exists no basis for such coverage).

This was also the focal point of the unpublished opinion in the case of Asbury Convention Hall, LLC v. United States Liability Ins. Group, 2012 WL 967620 (A-3010-10T1, App. Div. decided March 23, 2012), which noted:

> "The significant flaw in plaintiff's policy interpretation syllogism is (that the tenant's) obligations under the indemnification clause of the License Agreement did not include responsibility for (the owner's) negligent acts. The indemnification clause does not obligate (the tenant) to indemnify plaintiff for plaintiff's own negligent acts" (Id., at p.5)(parentheses not in original).

The Appellate Division stated that it found "no flaw in the trial

8

judge's conclusion that the CGL policy did not extend coverage to" the owner, as the other party did not clearly assume liability to indemnify it for its own negligent acts. Id.

While Lowe's certainly may have intended to be named as an "additional insured" under the Sungevity policy, such status would not have protected it as to the present allegations of its own fault or negligence. The terms of the Philadelphia Indemnity policy, even had Lowe's been clothed with status as an "additional insured", would not provide coverage for claims concerning its own negligence, but only for the negligence of Sungevity. While Lowe's appears to acknowledge that it was not named as an additional insured in the Sungevity policy, it is noteworthy that even had an endorsement been obtained which extended such coverage to Lowe's, it would not protect Lowe's from claims alleging its own negligence, as Schultz has made in this case. The policy in question provides:

> **CG 20 33 04 13**
>
> **A. Section II --- - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> **1.** In the performance of your ongoing operations; or
> **2.** In connection with your premises owned by or rented to you.

```
However:
1. The insurance afforded to such additional insured only
applies to the extent permitted by law; and
2. If coverage provided to the additional insured is
required by a contract or agreement, the insurance afforded
to such additional insured will not be broader than that
which you are required by the contract or agreement to
provide for such additional insured.
```

(See Exhibit B, attached).

As was the case with the indemnity provision, allegations concerning Lowe's own negligence would not fall within the relevant language. Such claims are what Schultz alleges against Lowe's. The Sungevity policy expressly provides that the "additional insured" coverage is not broader than what is required by the underlying contract, which here does not include Lowe's own negligence or fault, and the policy also limits any such additional insured coverage to claims which arise out of the "acts or omissions" of Sungevity, as named insured, not those of Lowe's.

## CONCLUSION

Had Lowe's intended to pursue any claims against Sungevity with respect to this action, it should have sought leave of the bankruptcy court to do so, prior to the discharge entered by the Court. The indemnity provision in the agreement it prepared as to claims "arising out of" the vendor relationship certainly falls well short of the "explicit contractual language" referencing Lowe's own alleged

10

negligence concerning an area for which it had the duty to maintain, so as to require indemnification as to such claims. The Supreme Court in <u>Mantilla</u> held that indemnity for one's own negligence must be expressed in "unequivocal terms". In <u>Azurak</u> it reaffirmed that "explicit language" is required in order to provide that indemnification and defense shall include the indemnitee's own negligence (347 N.J. Super. 516, 523, affirmed o.b. by 175 N.J. 110). The present agreement contains no language at all about Lowe's own negligence or fault as being contemplated to be within the duty of Sungevity to indemnify.

Had Lowe's intended that the agreement provisions were meant to require the vendor to indemnify it for its own negligent acts or omissions, or to obtain insurance coverage protecting against such allegations, it certainly was the party in position to make that intention clear in the document it required its vendors to execute. This contract did not do so and its motion must be denied.

Very truly yours,

*s/Paul J. Soderman*
PAUL J. SODERMAN
For the Firm

PJS:jl
Cc: Matthew Mendelsohn, Esq.
John Harding, Esq.
James Green, Esq.

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SUNCO LIQUIDATION, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10561 (KG)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 592, 688, 689, 706 & **854** |

## ORDER DISMISSING CHAPTER 11 CASES

Pursuant to that (i) *Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases; (II) Establishing Bar Date for Administrative Claims Arising after May 24, 2017; (III) Establishing Procedures with Respect to Final Fee Applications; (IV) Authorizing Distributions of Remaining Assets Pursuant to 11 U.S.C. §§ 507(a) and 726; and (V) Granting Related Relief* [D.I. 592] (the "Motion"),[2] filed on July 14, 2017, (ii) Order granting the Motion, entered on August 18, 2017, 2017 [D.I. 706], and (iii) *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases*, filed on November 3, 2017 [D.I. **854**], it is

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each of the Chapter 11 Cases are dismissed.

3. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sunco Liquidation, Inc. (f/k/a Sungevity, Inc.) (4328), SSD Liquidation, LLC (f/k/a Sungevity SD, LLC) (4847), SD Liquidation, LLC (f/k/a Sungevity Development, LLC) (0323), and SIH Liquidation LLC (f/k/a Sungevity International Holdings LLC) (5598). The mailing address for each of the Debtors is 969-G Edgewater Blvd, #324, Foster City, CA 94404.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:22522252.2

4. Notwithstanding section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases including any adversary proceeding, including without limitation, the Class Action, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. Effective immediately, the Debtors' retention of Young Conaway Stargatt & Taylor, LLP and Morrison & Foerster LLP as bankruptcy counsel shall be terminated without the need for further action on the part of this Court, the Debtors, or such firms.

6. Effective immediately, the Committee shall dissolve without need for further action on the part of this Court; provided, however, that obligations arising under confidentiality agreements, joint interest agreements, and protective orders, if any, entered during the Chapter 11 Cases shall remain in full force and effect according to their terms.

7. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, to the extent not previously authorized, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned and destroyed, any and all of the Books and Records; provided that any documents containing personally identifiable information must be shredded.

8. Upon dismissal of the Chapter 11 Cases, the Debtors' remaining officers and directors are dismissed from their positions.

9. Upon the dismissal of the Chapter 11 Cases, Kurtzman Carson Consultants LLC ("KCC"), as the Debtors' claims and noticing agent, shall be relieved of its responsibilities as the Debtors' claims and noticing agent in these cases; provided that KCC shall provide the services described in this paragraph and shall be entitled to charge the fees and costs it incurs in providing

such services against any prepetition retainer provided to KCC in connection with these cases. In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the dismissal of the Chapter 11 Cases, KCC shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

10. As soon as reasonably practicable after the entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the Debtors, to the extent not previously dissolved, the Debtors shall be dissolved pursuant to applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution. Any officer of the Debtors, partner of Morrison & Foerster LLP, counsel for the Debtors, partner of Young Conaway Stargatt & Taylor, LLP, counsel for Debtors, or managing director of AlixPartners, LLP, restructuring advisor to the Debtors, is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with the laws of the states in which they are formed.

11. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

12. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

13. Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Chapter 11 Cases.

Dated: **November 6** 2017
Wilmington, Delaware

*Kevin Gross*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

01:22522252.2

EXHIBIT B

POLICY NUMBER: PPK1451956                              COMMERCIAL GENERAL LIABILITY
                                                              CG 20 26 04 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED -- DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Name Of Additional Insured Person(s) Or Organization(s):** |
|---|
|  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**A. Section II -- Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1. In the performance of your ongoing operations; or
2. In connection with your premises owned by or rented to you.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III -- Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or
2. Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

CG 20 26 04 13                 © Insurance Services Office, Inc., 2012                 Page 1 of 1