**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BRENDA SCHULTZ, | : | |
| Plaintiff, | : | Hon. Joseph H. Rodriguez |
| v. | : | |
| | | Civil Action No. 17-87 |
| LOWE'S COMPANIES, LLC, et al, | : | |
| Defendants. | : | OPINION |

This matter comes before the Court on Motion of Defendant Lowe's Home Centers, LLC for partial summary judgment [Dkt. No. 36] pursuant to Fed. R. Civ. P. 56. The Court has considered the written submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated below, Defendant's motion is granted.

### Background

Plaintiff Brenda Schultz alleges that she tripped on an extension cord that was taped to the ground with duct tape and was placed in front of an entrance door of a Lowe's store in Turnersville, New Jersey.  The cord was allegedly powering a popcorn machine, which was being used as part of a marketing event for the benefit of defendant, Sungevity, Inc. ("Sungevity"). The event took place outside of the Lowe's Turnersville, New Jersey store.

Before the event took place, Lowe's and Sungevity entered into a Negotiated Master Standard Buying Agreement ("Agreement"). Then, Sungevity hired National Tour Integrated Resources, Inc. ("National Tour") to set-up of the product display at the Turnersville store. As part of the display, the popcorn machine cord was taped to the ground by a representative of National Tour. Plaintiff's injuries form the predicate for the underlying lawsuit against Lowe's. Lowe's filed a crossclaim against Sungevity seeking indemnification under the terms of the Agreement.

Article XII of the Agreement, entitled "Indemnification by Vendor (Sungevity), states in pertinent part:

> "... Vendor agrees that it shall indemnify, hold harmless and defend, or in Lowe's sole discretion, fund the cost of defending, Lowe's, its directors, officers, employees, Board of Directors, customers, Lowe's other third-party vendors, agents, affiliates, shareholders, attorneys, assigns, designees and successors-in-interest (the "Lowe's Indemnitees") from and against any and all liabilities, damages, losses, claims, lawsuits, proceedings, appeals, assessments, fines, product recalls, actions, causes of action ...including, without limitation, claims for infringement, bodily injury ...regardless of whether or not such Claim is caused, or alleged to have been caused, in part by a Lowe's Indemnitee, brought by Lowe's, its customers ...".

Agreement, at Section 12.1.

Sections 12.1 and 12.1(c) of the Agreement require indemnification of Lowe's where "the presence of Vendor's employees, agents or contractors

on Lowe's owned or Lowe's controlled premises in connection with the performance of this Agreement."  Section 12.1 (f) provides for indemnification where the vendor has offered for sale, possession, or use one of their products. Section 12.1(g) provides for indemnification where there is an allegation involving an act or omission that violates a law, ordinance, code, rule or regulation. Finally, section 12.3(b) states that "for any claim Vendor shall be obligated to defend the Lowe's Indemnitee in question.  Vendor shall pay all judgments against and assume the defense of Lowe's Indemnitees upon Lowe's Indemnitees' demand with respect to any claim, even if any such allegations of liability is groundless, false or fraudulent."

Defendant Lowe's moves for summary judgment on the crossclaim for contractual indemnification against Sungevity. Lowe's seeks to compel Sungevity, through its insurance carrier, to comply with the contract and indemnify and defend Lowe's with respect to Plaintiff Schultz' underlying claims.  The issue before the Court is whether the indemnity provision is valid.[1]

---

[1] Sungevity argues that because it has been granted a discharge in bankruptcy, Lowe's is precluded from seeking enforcement of the contract because Lowe's failed to seek an/or obtain relief from the Bankruptcy Court.  Lowe's claim is limited by the confines of the Sungevity policy amount.  Article XIV, the Agreement compels Sungevity to provide insurance coverage for Lowe's with limits of not less than $2,000,000 per occurrence and a general aggregate of not less than $10,000,000.  Given the fact that the claims here relate to indemnification and is

3

<u>Summary Judgment Standard</u>

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *accord* Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v.*

---

restricted to the limitations of the policy amounts available to Sungevity, the bankruptcy does not preclude Lowe's claims. *See* 11 U.S.C. § 524(e) ("Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."); *In re Cont'l Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 524(e) of the Bankruptcy Code makes clear that the bankruptcy discharge of a debtor, by itself, does not operate to relieve non-debtors of their liabilities.") (citations omitted).

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id.* In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.*; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of
> summary judgment, after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the
> burden of proof at trial.

*Celotex*, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); *accord* Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## Analysis

Summary judgment is granted in favor of Lowe's because Sungevity is compelled by the unambiguous terms of the Agreement to indemnify Lowe's in the event of claims, such as those Plaintiff alleges in the case in chief. The Agreement indicates in unambiguous terms that indemnification

of Lowe's must occur even if an injury or loss was in part attributable to conduct by Lowe's.

The specific language of the Agreement states that indemnity attaches "regardless of whether or not such Claim is caused, or alleged to have been caused, in part by a Lowe's indemnitee…". Agreement, 12.1. Under New Jersey law, it is clearly established that "a contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such an intention is expressed in unequivocal terms." *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 103 N.J. 177, 191, 510 A.2d 1152 (1986); *Azurak v. Corporate Prop. Investors*, 175 N.J. 110, 112–13, 814 A.2d 600 (2003) (reaffirming *Ramos* and *Mantilla v. NC Mall Assocs.*, 167 N.J. 262, 770 A.2d 1144 (2001)). The Court finds that the indemnification language in the Agreement is clear, unambiguous, and similar to language triggering indemnification in other cases. *See Leitao v. Damon G. Douglas Co.*, 301 N.J. Super. 187 (N.J. App Div. 1997).

Under the indemnification provision, even if there is a finding that a Lowe's Indemnitee is negligent, indemnification attaches. *See* Agreement, 12.1. New Jersey law permits a party to indemnify against losses resulting from its own negligence if the agreement expresses as much "in unequivocal terms[.]" *Ramos*, 103 N.J. at 191, 510 A.2d 1152. Because the

provision here includes language which permits indemnification even in the face of any negligence committed by Lowe's, the indemnification provision is enforceable against Sungevity.

## Conclusion

For the reasons expressed herein, Lowe's motion for summary judgment seeking to compel indemnification by Sungevity is granted because the express language of the Agreement expressly permits indemnification even if Lowe's is found negligent.

An appropriate Order shall issue.

Dated: June 10, 2019

s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Court