David A. Mazie, Esq.  (Attorney Id.#:  017941986)
Matthew R. Mendelsohn, Esq.  (Attorney Id.#:  015582005)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRENDA SCHULTZ,<br><br>          Plaintiff,<br>     v.<br><br>LOWE'S COMPANIES, INC.; NATIONAL TOUR INTEGRATED RESOURCES, INC.; SUNGEVITY, INC.; JOHN AND JANE DOES 1-10; AND ABC CORPS 1-10,<br><br>          Defendants. | NO.: 1:17-CV-87-JHR-KMW<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF<br>DAVID A. MAZIE IN SUPPORT OF<br>MOTION SETTING ATTORNEYS FEES** |

DAVID A. MAZIE, of full age, herby certifies as follows:

1.     I am an attorney at law of the State of New Jersey and a partner in the law firm of Mazie Slater Katz & Freeman, LLC ("Mazie Slater"), attorneys for plaintiff Brenda Schultz.  This matter has settled for $4 million and we submit this Certification in support of our motion to set attorneys' fees on the net amount recovered in excess of $3 million.  This is an extraordinary settlement for a trip and fall case where the defendants were arguing that plaintiff was responsible for the accident by not looking where she was walking.

2.     Through this motion, Mazie Slater seeks an award of an attorneys' fee of 1/3 of all net amounts recovered in excess of $3 million.

3.      Mazie Slater was retained on December 8, 2016 and suit was filed January 9, 2017. During the past three years, the case was contentiously litigated. The parties exchanged Rule 26 Disclosures, and propounded and responded to voluminous interrogatories and document demands. The parties also took fact depositions, including multiple depositions of corporate designees conducted pursuant to Rule 30(b)(6).

4.      During the course of this litigation defendant Sungevity filed for bankruptcy so plaintiff was forced to appear in the bankruptcy action and seek a lifting of the automatic stay that had been issued.

5.      Plaintiff retained multiple experts including in the fields of (1) architecture and civil engineering, (2) anesthesiology and pain management, (3) psychology, (4) life care planning and employability, and (5) economics. Defendants retained six of their own expert witnesses and the issuance of some of their reports required plaintiff to obtain rebuttal reports from our own experts.

6.      The parties also participated in a full-day mediation with the Hon. Marc M. Baldwin, J.S.C. (Ret.), which did not result in a settlement at that time. It was not until the parties were in the process of completing expert depositions that the parties were finally able to reach a settlement in this case, more than three years after it had begun.

7.      Due to the time commitment required by this case, we were compelled to turn down other potential matters. Our firm took a substantial risk on out-of-pocket disbursements expended during the case. In all, we expended approximately $50,000 in out-of-pocket disbursements in litigating and preparing this case for trial. There was no certain recovery in this case; trip and fall cases are difficult and risky propositions, and a jury could have accepted the defense's theories and come back with a "no cause." As stated by our Supreme Court, "A lawyer who both bears the risk of not being paid and

provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions." Rendine v. Pantzer, 141 N.J. 292, 333 (1995), citing John Leubsdorf, The Contingency Factor in Attorney Fee Awards, 90 Yale L.J. 473, 480 (1981).

8. As required by the Court Rule and the comment thereto, I am required to discuss my experience, reputation and ability, as those factors bear on the fee to be awarded. I have been a Certified Civil Trial Attorney since 1996 and have tried dozens of jury and bench trials. I am experienced in complex litigation and have approximately 70 jury verdicts and settlements exceeding $1 million, including a $166 million jury verdict against DYFS and a $135 million liquor liability verdict against Aramark; these are the two largest personal injury verdicts in New Jersey history. My accomplishments in the last few years also include a $33.9 million settlement on a product liability case, a $19.2 million settlement on a gas explosion case, an $18.5 million jury verdict on a brain damaged baby malpractice case, a $15.75 million audit malpractice settlement, a $12.75 million settlement for a man who suffered a brain injury as a result of being hit by a bus, a $12 million wrongful death jury verdict, and a $39 million class action settlement. I also litigated and settled the Earl Faison police brutality case, which was described by the Star Ledger as the most infamous police brutality case in New Jersey history. I also tried -- and successfully settled -- the landmark case of Ravin Sarasohn v. Lowenstein Sandler involving unfair competition between competing law firms.

9. In addition to the representation of private clients, for more than 25 years I represented the New Jersey Commissioner of Banking and Insurance as liquidator of several failed insurance companies, handling numerous multi-million dollar commercial litigations on the Commissioner's behalf. I have also acted as special counsel to the federal

government (the RTC and FDIC) in several multi-million dollar professional liability lawsuits arising out of a number of failed banks and savings and loans.

10. I also have numerous reported decisions, many of which have changed the law: Walker v. Giuffre, 209 N.J. 124 (2012), Gil v. Clara Maass Med. Ctr., 450 N.J. Super. 368 (App. Div. 2017); N.E. for J.V. v. State Dept. of Children & Fam., 449 N.J. Super. 379 (App. Div. 2017); L.A. v. N.J. Div. of Youth & Family Servs., 429 N.J. Super. 48 (App. Div. 2012), Ravin, Sarasohn v. Lowenstein Sandler, 365 N.J. Super. 241 (App. Div. 2003); Taglieri v. Moss, 367 N.J. Super. 184 (App. Div. 2004); Reynolds v. Guard Dogs Unlimited, Inc. 325 N.J. Super. 298 (App. Div. 1999); Nubenco Enterprises, Inc. v. Inversiones Barberena, S.A., 963 F.Supp. 353 (D.N.J. 1997); Integrity Insurance Co. v. Teitelbaum, 245 N.J. Super. 133 (Law Div. 1990); In Re: Integrity Insurance Company, 193 N.J. 86 (2007); Resolution Trust Corp. v. Edie, 1994 WL 744672 (D.N.J. Oct. 4, 1994); Resolution Trust Corp. v. Castellett, 1994 WL 411809 (D.N.J. Aug. 2, 1994); Resolution Trust Corp. v. Castellett, 1993 WL 719763 (D.N.J., May 25, 1993); Ladner v. Mercedes-Benz of North America, Inc. 266 N.J. Super. 481 (App. Div. 1993); Home State Insurance Co. v. Continental Insurance Co., 313 N.J. Super. 584 (App. Div. 1998); Home State Insurance Co. v. Continental Insurance Co., 158 N.J. 104 (1999); Fillebrown v. Steelcase, Inc., 63 Fed Appx. 54, 2003 WL 1191162 (3d Cir. 2003); Verni v. Harry M. Stevens, et al, 387 N.J. Super. 160 (App. Div. 2006); Liss v. Federal Insurance Co., 2006 WL 2844468 (App. Div. 2006); Clark v. University Hospital/UMDNJ 390 N.J. Super 108 (App. Div. 2006); New Jersey Eye Center v. Princeton Ins. Co., 394 N.J. Super. 557 (App. Div. 2007); Verni v. Lanzaro, 404 N.J. Super. 16 (App. Div. 2008); Liss v. Federal Ins. Co., 2009 WL 231992 (App. Div. 2009); Beye v. Horizon Blue Cross Blue Shield, 558 F. Supp. 2d 556 (D.N.J. 2008).

11. I have been named to the Best Lawyers in America numerous times, having personally received the most votes of any New Jersey trial attorney in three separate years, and having been named to the "Top Ten" Super Lawyers rankings multiple times. I have also been named multiple times to the Lawdragon 500, which lists the top 500 plaintiffs' attorneys in the country. In 2005, the New Jersey Law Journal named me "Lawyer of the Year" for my various achievements as a trial attorney, and in 2014 it named me to its "Personal Injury Hall of Fame". In 2013 and again in 2018, the New Jersey Law Journal named my law firm as the New Jersey Personal Injury Law Firm of the Year.

12. We are requesting a fee of 33 1/3% of the net amounts recovered in excess of $3 million. We make this request due to the significant work performed on the case, the resources expended (in both attorney time and out of pocket expenses), the risk taken by our law firm, the excellent result, and the fact that the vast majority of the time on the file was mine. An award of 33 1/3% is consistent with other fee awards we have received in other cases. For example, in Gross v. Gynecare, Docket No. MID-L-9131-08, a pelvic mesh case that resulted in a $11.1 million verdict, we were granted 33 1/3% of the net recovery above $2 million. In Mechin v. Carquest, Civil Action No.: 07-5824(SDW/ES), a product liability case that resulted in a $4.7 million settlement, we were granted 33 1/3% of the net recovery in excess of $2 million. In Ramos v. Goodyear Tire and Rubber Co., Civ. Action No. 05-3077 (U.S. District Court, District of New Jersey), a product liability case that resulted in a settlement of $5 million, we were granted 33 1/3% of the net recovery in excess of $2 million. In Basilio v. City of Newark, ESX-L-5610-06, an automobile accident caused by engineering errors that resulted in a $3.1 million settlement, we were awarded 33 1/3% of the net recovery in excess of $2 million. In Floyd v. City of Newark, ESX-L-8652-06, an automobile death case which settled for $3.18 million, we

were awarded 33 1/3% of the net recovery in excess of $2 million.  In <u>Salifu vs. University Hospital</u>, Docket No.:  ESX-L-4255-15, a case that settled for $4.5 million, we were awarded 33 1/3% of net recovery in excess of $3 million.  In <u>Cito v. Yoder</u>, PAS-L-4220-11, a "rear-end hit" car accident case, we obtained a settlement of $5 million in the weeks leading up to a trial and we were awarded 30% of the net recovery in excess of $2 million

13. A copy of this application has been served on Brenda Schultz.  Ms. Schultz was advised that she could oppose the application for attorneys' fees.  I asked Ms. Schultz if she would sign a certification consenting to the 1/3 legal fee for amounts recovered over $3 million, and she agreed to do so.  That certification has been filed in support of this motion.

I hereby certify that the foregoing statements made by me are true.  I am fully aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
DAVID A. MAZIE

Dated:  February 7, 2020